Ruffin, C. J.
 

 It was, we think, a fair inference for the jury from the instructions, as a whole, that the defendant’s stable was not a nuisance to the plaintiff', because the act of the defendant in building it was but a reasonable use of his own in erecting an useful appendage to his Hotel, and therefore the damage to the plaintiff was not unnecessary. Thus regarded, the Court does not concur in the instruction. It is true, that a stable in a town is not, like a slaughter house or a sty, necessarily and
 
 prima facie
 
 a nuisance. There must be places in towns for keeping the horses of the people living in them or resorting thither; and if they do not annoy others, they are both harmless and useful erections. But, on the contrary, if they be so built, so kept, or so used as to destroy the comfort of persons owning and occupying adjoining.premises and impair their value as places of hab. itation, stables do thereby becpme nuisances. They are
 
 *248
 
 not necessarily so ; but they may become so, and we think that of the defendant was in fact so. Therefore the instructions, as applied to this particular case, were calculated, we think, to mislead the jury. In respect to the filth and smells which might or did arise from it, the Court entirely' concurs with the directions to the jury ; and we suppose the jury must have thought, that no serious in. convenience was sustained by the plaintiff’s family from that cause. For in that respect a stable may be likened to a privy, which decency and convenience render indispensable. But the proprietor cannot protect himself under that plea, if by neglecting to cleanse it, he allows it to become offensive in the adjacent houses or grounds. So care must be taken to prevent a stable from incommoding the neighbors, from the ordure deposited in it. Bui if the adjacent proprietors be annoyed by it in any other manner, which could be avoided, it in like manner becomes an actionable nuisance, though in itself a stable be a convenient and lawful erection.- This stable, it appears, was a wooden building, with a plank floor so constructed, that the stamping of the horses on it created such a noise day and night as could be heard, not only throughout the square on which it and the plaintiff’s house were situated, but on all the adjoining squares, and, in the opinion of the witnesses, impaired the value of the plaintiff’s house as a dwelling. That, we think, amounts in law to such a disturbance and annoyance as to be an
 
 action
 
 able nuisance. In
 
 Bradley
 
 v.
 
 Gill,
 
 1 Lut. 69, it was held that building a smith’s forge so near another’s house and making such noises with the hammers, that the owners could not sleep, was a nuisance, for which an action would lie ; for^though the trade of a smith be a necessary one, .it must be carried on so as not to injure others in the neighbourhood. That case is cited and approved by Chief Baron Corny ns.
 
 Com. Dig. Action on the case for a nuisance,
 
 A-\and, indeed, the principle is in itself so rea
 
 *249
 
 sonable that every one must admit it, If'’that be true of a black smith’s shop, because the noise of the hapnmers at unseasonable times deprived a person of his jest, it must be much worse from the stamping of fifty horses on hoards laid on sleepers, so as to make a loud sound. It is obvious, that the effect complained of must have arisen from the-structure of the building. . The defendant might have built his stable with an earthen floor, and thus avoided this annoyance. If it be said, that probably a greater evil might have arisen, from the greater difficulty of cleansing the stable, the answer is, that the defendant had his choice at his risk ; for, in truth, he had no right to erect a nuisance in either way. whether by noisome smells or disturbing noises. He cannot excuse one nuisance by urging, that, if not committed in that form, it might have been worse, in another. But, in reality, neither was unavoidable. For, if the situation was such that the horses ought not to stand on the ground, the defendant might have paved the floor, or laid the boards on the earth, or used such as were so thick as not to sound under the hoofs of the horses so loud as to disturb or de* stroy the repose of the neighboring inhabitants and thereby lessen the value of their property. It appeared affirmatively, then, that the defendant had done “unnecessary damage” to the plaintiff: and we think it would have been proper so to instruct the jury. Therefore, in order that the inquiry may be submitted to them with proper explanations of the rights and duties of the parties, there-must be a
 
 venire de novo.
 

 Of course, it will be understood, that an action will not-lie in such a case for noises that are barely audible, and only occasional; but only for such as really annoy the plaintiff’s family and would annoy persons generally, who might dwell in the house so as to impair their rest and comfort materially.
 

 Per Curiam. Judgment