Albany Christian Church, &c. v. Wilborn.

CASE 55—ACTION FOR AN INJUNCTION—JAN. 22.

# Albany Christian Church, &c. v. Wilborn.

### APPEAL FROM CLINTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  AFFIRMED.

NUISANCE—PRIVATE STABLE NEAR CHURCH—INJUNCTION.

Held:    The erection of a private stable near a church will not be
enjoined as a nuisance, as the stable is not a nuisance/in itself,
and may or may not become so according to circumstances.

L. C. WINFREY, J. N. SHARP AND J. A. BRENTS, FOR APPELLANTS.

This is an action seeking to restrain appellee from erecting and
occupying a stable on appellee's lot within twenty-seven feet of
the Albany Christian Church house, said stable to be forty-five
feet long and thirty-two feet wide.

On hearing, the appellee filed a general demurrer to the peti-
tion which was sustained thereto, and also to two amended
petitions, and appellants declining to plead further, their peti-
tion was dismissed and the temporary restraining order dis-
solved.    On motion of appellants they were given twenty days
to make application before an appellate judge to have their in-
junction reinstated which was done by Judge Hazelrigg.

At the next term of the court appellee filed answer denying the
allegations of the petition in toto and affirmatively alleged that
if permitted to build or complete his stable he would build it
air tight, floor it and keep it clean, to which appellants filed no
reply.

On final trial the court dismissed the petition and dissolved the
injunction, to reverse which judgment this appeal is prosecuted.

In this case the only question is:  Can a stable forty-five feet
long and thirty-two feet wide built twenty-seven feet from a
church, be occupied as a stable and feed from eight to ten head
of horses and mules and be cared for as stables are usually
cared for, without being a nuisance to said church.

In our judgment a stable can not be used, as a stable, without
creating offensive fumes and odors within twenty-seven feet
of a church; besides the noise in and around a stable, the accu-
mulation of flies and the increased danger of fire undoubtedly
make it a nuisance.

Albany Christian Church, &c. v. Wilborn.

## AUTHORITIES CITED.

67 Am. Dec., 665; 10 Ga., 336; 20 L. R. A., 721; 7 Bush, 403; 18 S. W. R., 529; 49 Am. Dec., 421; 44 Am. Rep., 10; 13 Am. and Eng. Enc. of Law, 935; 117 Ind., 258; 72 Iowa, 510.

E. BERTRAM, FOR APPELLEE.

The appellee, Wilborn, owns lots adjoining the lot on which stands the Christian Church, and on the opposite side of the street from the appellant, Perkins, who has two dwelling houses on his lots.     Wilborn began the erection of a large barn on his lot on the north side of the church, twenty-seven feet therefrom, and across the street opposite Perkins' lots. This barn will be used by appellee as a private stable, storing hay, fodder and corn, wagon, etc., and for keeping and feeding his horses and mules. He keeps from six to twelve head of horses and mules on hand all the time, and from two to six wagons. These things are all alleged in the petition by appellants who further allege that said building, so used, will create an offensive smell or odor to appellants and others who may attend the church, will attract flies and increase the hazard of fire to said church and obstruct the sidewalk in going to and from the church, etc.

Our contention under the law is:

1. A stable is not *per se* a nuisance.

2. Fear or apprehension will not authorize an injunction.

3. In doubtful cases the injunction will be denied.

4. Where the injury is eventual or contingent, the injunction will be refused.

5. The burden of proof is on the complainants and they must make out a clear case.

## AUTHORITIES CITED.

*First.* Am. & Eng. Enc. of Law, vol. 13, p. 935; High on Inj., sec. 743; St. James' Church v. Arrington, 36 Ala., 548; Kirkman v. Handy, 11 Hump. (Tenn.) 406; Keiser v. Lovett, 85 Ind., 240.

*Second.* Pfingst, &c., v. Senn, &c., 94 Ky., 556; Am. and Eng. Ency., vol., 16, 995, vol. 10, 810.

*Third.* Laughlin v. Lamasco, 6 Ind., 223; Lakeview v. Lentz, 44 Ill., 81; Rhodes v. Dunbar, 57 Pa. St., 274; Dorsey v. Allen, 85 N. C., 358; Mohawk Co. v. Utica, &c., R. Co., 6 Paige, N. Y., 554; Wood on Nuisance, Par. 796 and 97.

*Fourth.* Pfingst v. Senn, &c., 94 Ky., 556; Hohn & Harris v. Thornberry, &c., 7 Bush, 403; Louisville Coffin Co. v. Warren,

&c., 78 Ky., 400; Rhodes v. Dunbar, 57 Pa. St., 274; Dumesnil v. DuPont, 18 B. M., 800; State v. Hall, 32 N. J. L., 158; High on Inj., sec. 742, 743 and 774; Wood on Inj., sec. 43.

*Fifth.*    Pfingst, &c., v. Senn, &c., 94 Ky., 556; Dumesnil v. DuPont, 18 B. M., 800; Duncan v. Hays, 22 N. J. 25; Cleveland v. Citizens, &c., Co. 20 N. J. Eq., 201; Rogers v. Danforth, 9 N. J. Eq., 289; Coving v. Small, 50 Iowa, 271; Curtis v. Winslow, 38 Vt., 690.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, Wilborn, is the owner of a lot in the town of Albany adjoining on the north the lot on which the Christian church stands. He proposed to build on his lot, 27 feet from the church, a private stable, 45 feet long, 32 feet wide, and 14 feet high to the plates. Appellant Perkins owns a lot on the south side of the church, on which is a stable 41 feet from the church, and between it and the church is his privy. Perkins also owns residences on the opposite side of the street. The church and Perkins brought this suit to enjoin appellee from erecting his stable, on the ground that the use of the stable would create an offensive odor, which would impair the use of the church property for purposes of worship; that in warm weather it would cause an accumulation of flies, which would disturb the congregation; that it would increase the hazard from fire to the church building, which was a wooden structure; that the stable would front on the street, and would cause an obstruction of the sidewalk, from the placing of wagon bodies, vehicles, wheels, etc., in front of it; and that the noise from the stock, and the feeding of them, would disturb the congregation; and that these things would greatly impair the value of Perkins' property on the opposite side of the street. The defendant filed an answer in which he controverted the allegations of the petition, and, in addition, alleged affirmatively that

he proposed building the stable for his private use; that
ke kept only one milch cow and his team, which would
not be in the stable more than one-third of the time;
that he was stripping all of the cracks, making it almost
air-tight and with solid doors; putting up separate stalls
for each animal, so that no noise could be made by the
stock; that he would put in a plank floor, and keep the
stable clean, and the sidewalk free from obstruction; that
there would be no lights kept or used in the stable, and
that it was his purpose to keep it so that there would be
no noise, odors, or disturbances from flies.   The affirmative
allegations of the answer were not controverted.   Proof
was taken on both sides, and on final hearing the learned
circuit judge dismissed the petition.

The proof shows that appellee is a teamster by trade;
that he runs several wagons, in which he hauls for others,
keeping from four to ten horses and mules.   He had had
a smaller stable on this lot for some years, which he tore
down when he began the erection of the one in contest.

In 1 High, Inj., section 742, the rule is thus stated:
"When the injury complained of is not per se a nuisance,
but may or may not become so according to circumstances,
and when it is uncertain, indefinite, or contingent, or pro-
ductive of only possible injury, equity will not interfere.
Thus the erection of a wharf, a railroad bridge, a planing
mill, a livery stable, or a turpentine distillery will not be
enjoined where the injury is only a possible and contingent
one."   In Dargan v. Waddill, 31 N. C., 244, 49 Am. Dec.,
421, Chief Justice Ruffin said: "It is true that a stable
in a town is not, like a slaughter house or a sty, neces-
sarily and *prima facie* a nuisance.   There must be places
in towns for keeping the horses of the people living in
them or resorting thither, and, if they do not annoy others,

they are both harmless and useful erections.  But on the contrary, if they be so built, so kept, or so used as to destroy the comfort of persons owning and occupying adjoining premises, and impair their value as places of habitation, stables do thereby become nuisances." In Kirkman v. Handy, 11 Humph., 406, 54 Am. Dec., 45, the court said (refusing. to grant an injunction in a case of this character): "We have been referred to no case in which a stable of any sort, whether public or private, wherever situated, has been held to be, *ipso facto*, a nuisance." In St. James' Church v. Arrington, 36 Ala., 546, 76 Am. Dec., 332,—a case not unlike this,—the court said: "A private stable near a church does not belong to the class of erections which are unavoidably and in themselves nuisances. That it may become a nuisance is, no doubt, true; but the question whether or not it will prove to be one depends in a great measure upon its proximity to the church, the manner in which it shall be built, the number of horses placed in it, and the degree of care with which it may be kept. . . . Whenever it is legally ascertained that it has become a nuisance, a court of equity will protect by injunction any party injured thereby. But as in the present case it is yet uncertain, and remains to be ascertained from future events, whether or not the erection will become a nuisance, there is no ground for an injunction arresting the further progress of the building, or its appropriation to the use intended.  To same effect, see Keiser v. Lovett, 85 Ind., 240, 44 Am. Rep., 10, and cases cited.  This subject was fully investigated by this court in Pfingst v. Senn, 94 Ky., 556 (15 R. 325) 23 S. W., 358, 21 L. R. A., 569; and it was there held that an injunction will not be granted against a threatened nuisance when the thing complained of is not such per se, but may or may not become so according

to circumstances, and in this case a number of previous cases are collected. The private barn or stable which appellee was proposing to erect was not a nuisance in itself. It was unobjectionable, unless it was so kept as to cause annoyance or discomfort to the adjoining proprietors. If appellee kept in his barn stock in such numbers or in such manner as to inflict damage upon appellants, he would be liable; but he can not for this reason be enjoined from the erection of a building which might never be a source of injury to any one.

Judgment affirmed.