CASE 52—ACTION BY SALLIE R. ALEXANDER AGAINST
GEORGE TEBEAU AND OTHERS TO ENJOIN THE
FENCING UP AN ALLEY WAY AND ESTABLISH-
ING A BALL PARK.

# Alexander v. Tebeau, &c.

Appeal from Jefferson Circuit Court; Chancery
Branch (First Division).

SHACKELFORD MILLER, Judge.

From a judgment of dismissal, plaintiff's children
appeal, she having died—Reversed.

1.  Nuisance—Public Nuisance—Baseball Park—Special Injury—
    If a baseball park is conducted in such a manner that large
    crowds of disorderly and noisy people are attracted thereto
    daily, to whom the proprietors sell intoxicants on the grounds
    in violation of law, and the crowd use vulgar and obscene
    language, and make such noises that the house of an adjoin-
    ing owner is rendered practically uninhabitable and its rental
    value greatly depreciated, it constitutes a public nuisance
    inflicting a private injury which may be enjoined to the extent
    that it materially deprives the owner of the reasonable use of
    her property or materially depreciates its rental value.
2.  Appeal and Error—Record—Objections Not Made in Lower
    Court—Objection to a person's testimony because being in his
    own favor, and relating to a statement made by a deceased
    person, cannot be made for the first time on appeal.
3.  Dedication—Alleys—Extent—Presumption.—In laying out an
    addition to a city, when alleys are called for, it may be pre-
    sumed that they run from one street to another.
4.  Dedication—Extent—Evidence—Sufficiency—A subdivision was
    laid out for a residential addition to a city over 20 years ago
    by the husband and agent of the owner of the land, and a
    house was built for the owner's daughter. The deed to the
    daughter's husband and the one from him to plaintiff's hus-

band described the lot as facing on a certain street in the sub-
division and running back to an alley. A plat of a subdivision
of the same name was in the city engineer's office, but no
explanation was offered as to how it got there except that
plaintiffs' husband stated that the one who subdivided the
land, since deceased, had told him that he had placed it there.
The plat showed the streets and alleys in the subdivision,
including the street and alley referred to in the deeds. Lots
adjacent to plaintiff's had been conveyed by deed containing
a description similar to that in plaintiff's deed and calling
for the same alley.    Held that, inasmuch as the subdivision
had been made for more than 20 years, in the absence of
evidence to the contrary, it will be assumed that the street
and alley referred to in the deeds ar the street and alley laid
off in the subdivision, showing prima facie that the ground
occupied by the alley as described in the deed was dedicated
for an alley.

M. J. HOLT for appellant.

A. BARKER for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Revers-
ing.

Sallie R. Alexander owns a house and lot in Louis-
ville on Seventh street. She brought this action
against George Tebeau, etc., to enjoin them from
fencing up an alley which she claimed back of her
lot, and from operating on the lot of ground back of
her house a baseball park, charging that the games
would be so conducted as to greatly depreciate her
property in value. The defendants filed a demurrer
to the petition. The court sustained the demurrer
and dismissed it. She appealed to this court. The
court held that so much of the action as sought to
enjoin the defendants from fencing up the alley was
maintainable. Disposing of this part of the case,
the court said: "They have no more right to fence up

this alley on which her coalhouse and stable front, than they would have to close Florence Place on which her residence fronts.  It was dedicated to the public in the original plat subdividing the property into lots for sale, and the deed by defendant Dulany, etc., to their vendor, Willis, calls for it.  We are of opinion that in so far as the petition sought to restrain defendants from fencing up or in anywise interfering with plaintiff's right to the use and enjoyment of this alley that the petition set up a good cause of action, and the demurrer should have been overruled."  Alexander v. Tebeau, 71 S. W. 427, 24 Ky. Law Rep. 1305.  On the other hand, the court held that the presumption was that the defendants would conduct their business in a proper manner, that the business was not per se a nuisance, and that an injunction would not be granted simply because it was feared that it might become a nuisance.  Concluding this part of the opinion, the court said: "Of course, if permitted to degenerate into a mere rallying place for drunkards, rowdies, bullies, and men of like kidney, both the criminal and the civil law would furnish adequate relief to abate such a nuisance, but we cannot in advance anticipate such to be the necessary consequence of its inauguration."  On the return of the case to the circuit court, the defendants filed an answer controverting the allegations of the petition as to the dedication of the alley.  The plaintiffs filed an amended petition, alleging that since the original petition was filed the defendants had operated and conducted their games of baseball on the lot; that they had attracted to the  ground large crowds of disorderly and noisy people, to whom they sold on the grounds in violation of the law intoxi-

cants; that these people used vulgar and obscene
language, and made such noises that plaintiff's house
was practically uninhabitable by her tenant, and that
the rental value of the property had been greatly de-
preciated; that the games were played regularly, and
that the crowds were so noisy and boisterous, and the
games were so conducted as to make the premises
a public nuisance. The facts are set out with great
minuteness, but they will not be repeated here, as this
would unduly extend this opinion; the sum of the al-
legations of the amended petition being that every-
thing that had been charged in the original petition
as anticipated had actually taken place, and was
taking place daily, rendering plaintiff's property
unfit for the purpose for which it was built, the resi-
dence of a family. The circuit court sustained a de-
murrer to the amended petition, and, the case having
been prepared on the issues as to the alley, on final
hearing he dismissed the petition absolutely. From
this judgment Mrs. Alexander's children appeal; she
having died in the meantime.

In sustaining the demurrer to the petition as
amended, the court seems to have rested his conclu-
sion on the idea that this followed from the princi-
ples stated in his former opinion, and that, so far as
the injunction as to the use of the property was con-
cerned, his ruling on the appeal was affirmed. But
his ruling on the appeal was affirmed distinctly upon
the ground that the petition only disclosed a case of
anticipated nuisance, the court expressly saying that
if the ball park was permitted to become a nuisance,
the civil law would furnish adequate relief to abate
it. The petition as amended set forth an actually ex-
isting nuisance, not one that was feared as set out in

the original petition, the amended petition showing that the facts anticipated had become a reality. The amended petition therefore disclosed an entirely different state of case from that presented by the original petition. In Palestine Building Association v. Minor, 86 S. W. 695, 27 Ky. Law Rep. 781, where large crowds of noisy, boisterous, and dissolute people were permitted to gather in a park hallooing and shouting throughout the day until late hours of the night, to the disturbance of the neighboring residents, this court sustained an injunction, and among other things, it said: "While it is undoubtedly the correct rule that a court of equity will not interfere by injunction in cases of nuisances, trespasses, and like injuries to property, when the parties can have complete redress in a court of law, still if it appears that irreparable mischief will be done by withholding the process, or where the damages that will result to the complainants are incapable of being adequately measured, or where the mischief is such from its continuous and permanent character that it must occasion constantly recurring grievances, which cannot be otherwise prevented, a court of equity ought to interfere by injunction to stay the wrong and protect the complainant's property and personal rights from hurt or destruction." In Mercer County v. Harrodsburg, 66 S. W. 10, 23 Ky. Law Rep. 1744, 56 L. R. A. 583, a judgment enjoining hitching posts in a city which attracted flies, created a stench, and were a public nuisance was affirmed. The distinction between an apprehended nuisance and one actually existing was also pointed out in Albany Church v. Wilborn, 112 Ky. 507, 66 S. W. 285, and in Pfingst v. Senn, 94 Ky. 566, 23 S. W. 358, 21 L. R. A. 569. The

power of a court of equity to enjoin a baseball park which is so conducted as to become a nuisance was exhaustively considered by the Supreme Court of New Jersey, and in an opinion collecting many authorities an injunction was sustained. Gilbough v. West Side Amusement Co., 64 N. J. Eq. 27, 53 Atl. 289, 9 Am. & Eng. Decisions in Equity, 416. A like conclusion was reached in Kissel v. Lewis, 156 Ind. 233, 59 N. E. 478, and other cases are cited in these opinions. We have not considered the proof taken by the plaintiff in support of her amended petition. We do not now determine the effect of this proof as the defendant's proof has not been taken, and no issue has been joined upon the allegations of the amended petition. We only determine that, taking the allegations of the amended petition to be true, we have a case of a public nuisance inflicting a private injury upon another which should be restrained by injunction to the extent that it materially deprives the plaintiff of the reasonable use of her property or materially depreciates its rental value. We do not hold that the defendants may not conduct any games of baseball on the lot in question. We only hold that they may be enjoined from so conducting them as to operate as a nuisance to the plaintiff's injury as above stated.

As to the alley, the facts are these: Mrs. W. H. Dulaney formerly owned a large body of land at this point. Her husband who managed her business for her laid off Florence Place, evidently with the purpose of having it built up for residence purposes, and he built for two of his daughters brick houses fronting on Florence Place. The one built for his daughter Mrs. Willis is that now owned by Mrs. Alexander.

By the deed to Willis and by the deed from Willis to Alexander the property is described as follows: "Beginning at a point on the southwest corner of Seventh street and Florence Place in a subdivision called W. H. Dulaney's subdivision of Florence Place which is a part of Cawthorn's subdivision in Bullitt's addition to the city of Louisville, running thence with the south line of Florence Place westwardly forty (40) feet, thence southwardly in a line parallel with Seventh street one hundred and twenty (120) feet to a ten (10) foot alley, thence eastwardly with said alley forty (40) feet to Seventh street, thence northwardly with the west line of Seventh street one hundred and twenty (120) feet to the point of beginning." In addition to this, the plaintiff introduced on the trial a blueprint map which George Alexander testified he got from the city engineer's office which shows Florence Place, the alley referred to, and the other streets and alleys of this subdivision. Alexander testified that Dulaney told him that he had placed the map in the engineer's department, and that he had subdivided that place into lots for residence purposes. The plaintiff also introduced in evidence a deed made to Mat O'Doherty for lots lying by the side of her lot which contains a description of the property conveyed similar to that in plaintiff's deed, calling for the alley just as her deed does. The circuit court seems to have based his judgment upon the case of Brizzalaro v. Senour, 82 Ky. 353. In that case it was held that the mere recital in a conveyance that an alley existed at a particular point when such is not the fact is not a grant of the alley or the easement as appurtenant to the premises and amounts to nothing more than an estoppel. But we have more

than that here. The deed shows on its face that the property fronts on Florence Place in a subdivision called W. H. Dulaney's subdivision of Florence Place. We have also the fact that Dulaney built the two houses fronting on Florence Place, and we have a plot filed in the city engineer's office which is shown to have been filed there by Dulaney. In addition to this, we have the fact apparent on the ground as testified to by the city assessor that the place was laid off for residence purposes, and that this alley is called for in the deed to the lots made to O'Doherty as well as in the deeds made to Willis and to Mrs. Alexander. In addition to this, there is proof that the alley was used from Seventh to Eighth street. In laying out an addition to a city when alleys are called for, it may be presumed that they run from one street to another. A 10-foot alley in the rear of a residence would be of little value if it did not run through from one street to the other on account of the difficulty of turning around in it. Land which is laid out in an addition to a city for residence purposes is usually so laid out that the alley will be of value to the property. In Brizzalaro v. Senour there was nothing but the call in one deed and the grantor had in subsequent deeds conveyed away the property over which the alley was to run. There was no reference in that case to the land having been laid out as an addition to the city, and there was no plot produced. It is said that George Alexander cannot testify for himself as to what W. H. Dulaney said as W. H. Dulaney is dead, but no objection seems to have been made in the circuit court to the evidence on this ground, and it cannot be made for the first time in this court. But, waiving all this, the plot is in the city engineer's of-

fice. No explanation is offered as to how it got there except that given by George Alexander. The plot accords with the evident purpose of Dulaney, as shown by what he did on the ground, and the deeds themselves call for Dulaney's subdivision of Florence Place, and a 10-foot alley in that subdivision. The plot is a plot of Dulaney's subdivision of Florence Place. The deed to Willis was made in 1891. The houses were built before that, and the division of the land into Florence Place was older than the building of the house. In view of the fact that the subdivision of this property was made more than 20 years ago, and that no contrary evidence is offered, we think it must be assumed that the streets and alley refer- red to in the deed to Willis must be the streets and alley laid off in W. H. Dulaney's subdivision of Flor- ence Place, and that a prima facie case is made out of the dedication of the ground for the purposes in- dicated. We therefore conclude that the circuit court erred in dismissing the plaintiff's petition as to the alley, and that under the proof he should have en- tered a judgment as prayed in the petition enjoin- ing the defendants from fencing up the alley. Wright v. Williams, 77 S. W. 1128, 25 Ky. Law Rep. 1377; Elliott v. Louisville, 123 Ky. 278, 90 S. W. 990.

Judgment reversed and cause remanded for furth- er proceedings consistent herewith, as to the use of the premises for a baseball park, and for a judgment as above indicated as to the fencing up of the alley.