Argued June 6, decided June 23, 1911.

### TEMPLETON v. WILLIAMS.

[116 Pac. 1062.]

NUISANCE—INJUNCTION.

   The use of a building as a barn will be enjoined where it appears that it is located in a residence district, that it causes an accumulation of flies and gives forth obnoxious odors, and that sounds emanating from it disturb the sleep of the occupants of neighboring residences.

From Clackamas: THOMAS A. MCBRIDE, Judge.

Statement by Mr. Justice Bean.

This is a suit by Charlotte Templeton against E. Williams, A. L. Williams, J. E. Williams, and David Williams, partners as Williams Bros. Transfer Co., to enjoin the use of a barn in Oregon City, Clackamas County, Oregon, as a nuisance. From a decree in favor of plaintiff defendants appeal. Plaintiff is the owner of lots 3 and 4, block 62, in said city, upon which are two dwelling houses, while defendants are the owners of lots 5 and 6, of said block, upon which, within about 15 feet of one of plaintiff's dwellings and about 60 feet from the farther house, there has lately been constructed a barn 40 by 80 feet in dimensions, in which are stabled some 16 horses, defendants being in the drayage business. There was for several years up on the lots of defendants an old barn, which was torn down, and in its place the new barn erected. Plaintiff alleges that during a large portion of the year, when the prevailing wind is from the southwest, the stench and obnoxious odors from the stable are carried into the dwellings, causing the plaintiff and her tenants great discomfort, that it causes an accumulation of flies and vermin and the fostering of rodents in and about the houses, and renders her property both less useful and less valuable. Defendants deny the material allegations of the complaint, alleging that the old barn had been there for more than 20 years, of which fact plaintiff was aware when her dwellings were erected, that the barn is connected with the city sewer system, and that it is kept in a cleanly manner.    Affirmed.

For appellants there was a brief over the names of *Messrs. Dimick & Dimick* with an oral argument by *Mr. Walter A. Dimick.*

For respondent there was a brief and an oral argument by *Mr. Joseph E. Hedges.*

Sig. 6

MR. JUSTICE BEAN delivered the opinion of the court.

Except in degree, there is but little difference in the testimony on the part of plaintiff from that of defendants. The testimony shows plainly that the barn is constructed of wood, and located in a residence portion of the city; that about 16 horses are kept therein, and that the noise made by them often disturbs the slumbers of the occupants of the nearer dwelling; that when the wind blows from the direction of the stable obnoxious odors emanate therefrom and blow into the house, in order to keep out which the occupants are at times compelled to close their doors and windows; that it causes an accumulation of house and green flies in and about the dwellings, and that while the stable is connected with the city sewer system, and kept as clean as it well can be when used, nevertheless it causes the annoyances and discomforts mentioned by plaintiff in her complaint, and which are shown by the testimony; that it creates an unsanitary condition for a residence locality, and deteriorates the value of plaintiff's property. The occupants of the nearer house, being caused the greater amount of discomfort, tends to show that in this instance "distance lends enchantment," or at least diminishes the obnoxious odor. In fact, the strong point of the defense seems to be that the wind sometimes blows other than toward plaintiff's dwellings, and, while defendants do not seem to notice the annoyance as much as plaintiff and her tenants, yet one of them testifies that he had noticed the stench from the small barn of another neighbor, when a horse and cow were kept therein. It is shown that the odor from the old barn was at times "pretty rank." The testimony on the part of defendants appears to be merely in the line of minimizing the noise and offensive odors.

First, we will state briefly the rule of law which we think should govern a case of this kind: A man should so use his own property as not to injure another, or the

property of another: *Fish* v. *Dodge,* 4 Denio (N. Y.) 311 (47 Am. Dec. 254). A stable or barn is not a nuisance *per se,* but may become one from the manner in which it is construed or maintained, or by reason of its improper location being necessarily injurious to a neighbor. 29 Cyc. 1181; *Shiras* v. *Olinger,* 50 Iowa, 571 (33 Am. Rep. 138). Where the odors from a stable on adjoining premises are so offensive as to render the occupancy of the property by tenants materially uncomfortable and disagreeable, an owner injured in his property rights is entitled to an injunction. In cases, however, where the nuisance consists of the manner in which the stable or barn is kept, an injunction should be granted to prevent continuance of the causes constituting the nuisance. In such a case there is not an unreasonable interference with the defendants' rights. A person about to erect a livery stable with a plank floor upon his own land on a public street in a city, near a hotel owned by another, where its location would cause irrevocable injury to the hotel owner, resulting, in consequence of the unhealthy effluvia arising therefrom, the collection and swarming of flies, and the stamping of horses therein, in the loss of health and comfort to such owner and family, and in the loss of patronage to his hotel, the erection of the stable would operate as a nuisance to the adjoining owner, and he would be entitled to an injunction, restraining its erection: Joyce, Law of Nuisances, §§ 204, 205; *Catlin* v. *Valentine,* 9 Paige (N. Y.) 575 (38 Am. Dec. 567); *Ashbrook* v. *Commonwealth,* 1 Bush (Ky.) 139 (89 Am. Dec. 616); *Dargan* v. *Waddill,* 31 N. C. 244 (49 Am. Dec. 421).

If plaintiff's property is reduced in value through the use of this barn, it is urged by defendant's counsel that her remedy is in an action for damages, in support of which *Blagen* v. *Smith,* 34 Or. 394, 403 (56 Pac. 292, 295: 44 L. R. A. 522), is cited, where Mr. Justice MOORE remarks:

"A private nuisance, however, may in some instances become so intolerable to a party whose property, or the enjoyment thereof, is affected thereby, that its discontinuance becomes an imperious necessity, in which case equity only can afford the immediate relief demanded, because the slow process of the law courts is not adequate to the occasion."

We do not think, however, that this case bears out such a theory, or that any remedy at law would be adequate.

"The keeping of horses in a stable adjoining plaintiff's premises, and the noise resulting therefrom, with the fact of moisture and dampness, * * afford sufficient ground for relief by injunction." High, Injunctions, § 780.

Since the commencement of this suit, no temporary restraining order having been issued, the barn in question has been used in the manner in which, as we understand, defendants intend to use it in the future. While they have made a strenuous endeavor to so construct the stable as to suppress obnoxious effluvia arising therefrom, and minimize the noise the horses would naturally make, connected the same with the sewer, and freely used the broom, yet doors are made to be opened, and the doors and windows of the barn have necessarily been open part of the time, with the results as indicated. From the photographs in evidence the barn is not unsightly, apparently being a useful, substantial building, and in some parts of the city would not be objectionable. But because in olden times both man and beast were housed under the same roof is no reason why at the present time a stable should be used in the residence district of a city, where it becomes a nuisance to adjacent homes. Old things have passed away to a certain extent, and many changes have taken place in the customs and manners of civilized life. Plaintiff's testimony is corroborated to quite an extent by that of one of the defendants, who testifies that, "I looked for them to declare the old barn a nuisance."

According to the evidence, we conclude that the use of the barn is a nuisance, and that the plaintiff is entitled to have the same enjoined from such further use. It is complained upon the part of defendants that the findings of the lower court are to the effect that the barn itself should be abated as a nuisance. We do not so understand the findings of fact or conclusions of law, but, if the decree of the lower court is susceptible of such a construction, we think it should be given a modified construction, so as to declare the present use of the barn a nuisance, and that the defendants be required to abate the same, but that they be permitted to use the building, as now located, for other purposes.

It follows that the decree of the lower court is affirmed.

AFFIRMED.

Mr. Justice MCBRIDE took no part in the hearing or decision of this case.