## OLE LEAD v. HERBERT INCH and Another.

## ERNEST A. SCHULZE v. SAME.

## HENRY GAZETT v. SAME.[1]

January 19, 1912.

Nos. 17,314—(44).

**Nuisance — verdict and findings supported by evidence.**

It is held that the evidence in these several actions, which were tried together in the court below, is sufficient to support the verdict of the jury and the findings of the trial court, and that the record presents no reversible error.

**Barn — when a nuisance.**

A barn, located in a thickly settled part of a city, in which a large number of horses are stabled, though not per se a nuisance, may become such by reason of the manner in which the same is managed and conducted.

**Same — injunction.**

If the owner thereof so manages the same that noxious and offensive odors escape therefrom, to the detriment, annoyance, and discomfort of adjoining property owners, it is a nuisance, and may be restrained in equity.

**Same.**

Where such a nuisance is continuing in character, equity will interfere to protect offended third persons, although the owner thereof be solvent and able to respond in damages.

[1] Reported in 134 N. W. 218.

---

[Note] Stable for horses as a nuisance, see note in 17 L.R.A. (N.S.) 1025.

**Same — irreparable injury.**

In the case of a nuisance like that involved in this action, and where the damage to adjoining property owners cannot well be measured from a pecuniary standpoint, the injury is irreparable, within the meaning of the law, and equity will interpose, though the pecuniary damage be not shown to be great.

Three actions in the district court for St. Louis county; the Lead and Schulze actions to recover $2,000 damages each, and the Gazett action to restrain defendants from using and maintaining the barn in question for the stabling of horses, from allowing the barn to give off a stench, and to enjoin the use of indecent and obscene language by the men employed at the barn, and to recover $2,000 damages.

Defendant Inch answered separately in each case, and alleged that the barn had been in constant use as a horse barn for at least fifteen years; that at all times since defendant had occupied it, it had been kept in a clean and sanitary condition, free from noise or offensive odors; that the locality in which the barn was situated was not given over to residences, the alley on which it was placed having a number of other barns and structures not used for residence purposes, and that the barn was one of the most substantial improvements upon the alley; that it was a thoroughly first class, modern, up to date barn; that since plaintiff occupied his premises, defendant without objection from plaintiff and with plaintiff's knowledge, made large expenditures in improving and remodelling the barn, by reason of which facts plaintiff was estopped to complain of the location and use of the barn, so long as the same was used and occupied in a proper manner. The replies were general denials.

The cases were tried together before Ensign, J., and a jury which returned a verdict of $150 in the Lead case and in the Schulze case, and in the Gazett case answered a special question as to the amount of damages recoverable by assessing them at one dollar. The court made findings of fact and conclusions of law in the Gazett case, and ordered judgment in favor of plaintiff for one dollar and a permanent injunction in the form mentioned in subdivision 4 of

the opinion. Defendant's motion to amend the findings was denied, but the court added to its conclusions of law the words: "Provided the conditions from which are caused the said offensive odors and noises, and the maintenance of which are to be enjoined by such injunction, are such noises and odors as are and will be offensive to persons of ordinary sensibilities." From orders denying new trials in each case, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*Fryberger & Fulton,* for respondents.

BROWN, J.

These actions were brought to recover damages alleged to have been suffered by plaintiffs in consequence of a nuisance maintained by defendant upon premises adjacent to those occupied and owned by them. They were consolidated on the call of the calendar in the court below and tried together; the Lead and Schulze actions being submitted to a jury, and the Gazett action to the court, save as to the question of damages.

In the two actions submitted wholly to the jury, verdicts were returned for the respective plaintiffs; in the Gazett action a verdict assessing plaintiff's damages at the sum of one dollar was returned, and the court therein made findings of fact and conclusions of law, awarding judgment therefor, and directing the issuance of a permanent injunction restraining the further maintenance of the nuisance. The action was dismissed as to defendant Anker. Defendant Inch moved for additional and amended findings in the Gazett case, which was denied in part and granted in part. Defendant thereafter moved for a new trial of all the actions on various grounds, and appealed from an order denying the same.

It is contended on this appeal (1) that the evidence does not justify the verdict of the jury or the findings of the court; (2) that the court erred in certain of its instructions and refusals to instruct the jury; (3) that incompetent evidence was erroneously admitted; and (4) that a permanent injunction in the Gazett case was improperly granted.

The facts as disclosed by the evidence and findings of the court are substantially as follows:

Defendant is a teamster, employing in the conduct of his business a number of horses, which he stables in a barn owned by him and located upon the land described in the complaint in the city of Duluth. The barn was originally built fifteen or more years ago and of sufficient capacity to stable a limited number of horses. For several years prior to the time defendant became the owner of the barn, it was not in use to any considerable extent, if at all, and had been practically abandoned as a stabling place for horses. During this period a large number of people, including plaintiffs, purchased lots in the vicinity of the barn and erected thereon dwelling houses, and the locality became a thickly settled residence part of the city of Duluth.

Thereafter, and about five years prior to the commencement of these actions, defendant purchased the property and commenced stabling the horses used by him in his business as teamster, and so continued until some three years before the commencement of the actions, when he rebuilt and reconstructed the barn and so enlarged its capacity as to accommodate about thirty horses. About the same time defendant extended his business, and in addition to horses used in his team work constantly kept a number in the barn for sale. By these improvements in the barn it was made into a two-story structure, with room on one floor for thirteen and upon the other seventeen horses.

Thereafter the court found that defendant allowed the barn to be used and kept in such a manner that there emanated therefrom noxious and offensive odors, varying in intensity and offensiveness from time to time, and to such an extent as to cause the atmosphere, especially in the summer time, to become polluted, which reached the houses and dwellings of plaintiffs, to their annoyance and discomfort; that during said time the horses so stabled, during both the night and day time, stamped, pawed, and made loud and offensive noises, to the disturbance of plaintiffs and their families; that during said time defendant frequently curried and cleaned his

said horses in an alley adjacent to the barn, allowing large quantities of hair, dust, and dirt, to be carried by the wind to and within the houses of plaintiffs, to their annoyance and discomfort; that defendant permitted the accumulation of manure to remain in a wagon upon the premises, which gave off additional offensive odors; that by reason of these facts plaintiffs were deprived of the free and comfortable enjoyment of their property; and that the barn and the manner in which it was kept constituted a nuisance. The court also found that the management of the barn during the last three years of defendant's occupancy thereof was entirely different than when plaintiffs purchased their property and erected their dwellings thereon.

1. We have examined the record with care, and find therein ample evidence to justify the court and jury in finding the facts substantially as embodied in the foregoing statement. It would serve no useful purpose to discuss the evidence, and we leave this branch of the case without further comment. That the facts justify the conclusion that defendant's barn and the management thereof constitute a nuisance for which he is liable in damages to those who have suffered therefrom is clear. The case is brought by the facts within the provisions of section 4446, R. L. 1905, which are declaratory of the common law upon the subject, and entitle plaintiffs to the relief demanded.

2. The assignments of error challenging certain portions of the instructions to the jury, and the refusal of certain requests, are not sustained. The rules and principles of law upon the subject of both public and private nuisances are well settled, and a general discussion thereof seems unnecessary. 29 Cyc. 1152, et seq.; 2 Dunnell, Minn. Digest, § 7240, and cases cited.

A barn or stable wherein horses or cattle are kept is not a nuisance per se, although it may become a nuisance by reason of its location and the manner in which it is managed and conducted. Albany Church v. Wilborn, 112 Ky. 507, 66 S. W. 285; Joyce, Nuisances, § 202. If the manner in which it is conducted results in noxious odors, disagreeable noises, to the discomfort and annoy-

ance of adjoining property owners, it is a nuisance within the meaning of the law, regardless of the question whether defendant exercised due care to so manage the property as to avoid results of that nature. Joyce, Nuisances, § 202; Berger v. Minneapolis Gaslight Co. 60 Minn. 296, 62 N. W. 336. In other words, where the business casts off noxious and unwholesome odors, in fact annoying to and impairing the comfort of adjoining property owners, it is no defense to say that it was conducted in a reasonable and proper manner, and that the odors emanating therefrom were such as are ordinarily incident to the business when properly conducted. Pennoyer v. Allen, 56 Wis. 502, 14 N. W. 609, 43 Am. Rep. 728; People v. Detroit, 82 Mich. 471, 46 N. W. 735, 9 L.R.A. 722; Aldrich v. Howard, 8 R. I. 246; Rodenhausen v. Craven, 141 Pa. St. 546, 21 Atl. 774, 23 Am. St. 306; Bohan v. Port Jervis, 122 N. Y. 18, 25 N. E. 246, 9 L.R.A. 711.

There can be no question but that defendant was conducting a lawful business, and it was not per se a nuisance; but the evidence justified the conclusion that the manner in which it was conducted created a nuisance as a matter of law. A careful reading of the charge of the learned trial court impresses us that the rules of law pertinent to the issues presented were clearly and fully stated to the jury. We construe the charge as a whole, and not segregated parts thereof, which, standing alone, might seem incomplete or incorrect. The evidence did not require the submission to the jury of the question covered by one of defendant's requests, to the effect that, if plaintiffs acquiesced in the improvements of defendant's barn, that fact should be taken into consideration by the jury in determining the issues involved. No acquiescence in the conduct of defendant's business, of a character to estop plaintiffs, was shown, and the request was properly refused. We find, therefore, the assignments of error challenging the instructions to the jury not well taken.

3. Defendant complains of the admission over his objection of certain expert testimony. This evidence related almost wholly to the damages suffered by plaintiffs, and in view of the well-settled rule that the admission of expert evidence rests largely in the discretion of the trial court, and the further fact that the damages

awarded were in no sense excessive, the conclusion must be that no prejudice resulted to defendant, conceding, for present purposes, that some of the evidence so objected to might have been excluded.

The question to one of plaintiffs' witnesses, seeking to elicit information as to whether conditions had improved with reference to the management of the barn since the commencement of the action, was objected to as "immaterial, and calling for the conclusion of the witness." The objection did not call attention to the objection now urged, namely, that the question was incompetent, and there was no reversible error in overruling it. The answer to the question stated a fact, and not the conclusion of the witness.

The other assignments in reference to this branch of the case do not require separate mention. We discover no reversible error in the admission or exclusion of the evidence.

4. In the Gazett case the court ordered judgment for a permanent injunction, "perpetually enjoining the defendant, either by himself, his servants, agents, or any of them, from maintaining or permitting to be maintained on the property of the defendant, * * * the barn and stable for horses in such numbers or in such manner as to produce noise sufficient habitually to disturb the sleep or comfort of the occupants of the plaintiff's house, * * * or from maintaining or permitting to be maintained * * * a stable for horses in such numbers as to habitually produce odors or gases that shall be offensive to the senses of the plaintiff or his family in said house of the plaintiff, or to interfere with the comfortable enjoyment of plaintiff's house by himself and family," and restraining and enjoining specific acts not necessary here to repeat. The jury in this case awarded plaintiff one dollar as damages.

It is contended by defendant that the injunction was improperly granted, for the reasons (1) that plaintiff has suffered no substantial damage from the maintenance of the barn; and (2) that an injunction should not issue in any case where it appears that defendant is solvent and the complainant's injury may be compensated by the payment of damages.

Neither contention can be sustained. The nuisance complained

of is continuing in character, and the annoyance and discomfort arising therefrom are in the nature of things incapable of accurate, or even approximately accurate, measurement in dollars and cents. In such cases, the authorities say, whether the damage be great or small, the injury is practically irreparable, and equity will interfere to prevent its continuance. 29 Cyc. 1223; Wahle v. Reinbach, 76 Ill. 322; Bushnell v. Robeson, 62 Iowa, 540, 17 N. W. 888; Friedman v. Columbia, 99 App. Div. 504, 91 N. Y. Supp. 129. For the same reason the financial responsibility of the defendant is not controlling. To send the plaintiff to a court of law for redress by way of damages in such cases would not only compel him to submit to the conditions surrounding the nuisance, but also result in a multiplicity of suits.

For these reasons, well supported by the authorities, we hold that a proper case for an injunction was presented. Though in some respects the injunction which the court ordered issued is quite general in its commands, it is specific in some respects, and as a whole perhaps as definite as the law itself upon the subject. Oehler v. Levy, 234 Ill. 595, 85 N. E. 271, 17 L.R.A.(N.S.) 1025.

We find in the record evidence reasonably tending to support the findings objected to by defendant, and there was therefore no error in the refusal of the court below to strike them out. Nor was there error in the denial of defendant's motion for additional findings.

Order affirmed.