## CATHERINE LYNCH v. JAMES SHIELY AND OTHERS.[1]

December 10, 1915.

Nos. 19,557—(146).

**Nuisance — horse barns in residence district.**

1. Barns, located in a residence portion of a city, in which a large number of horses are stabled, though not *per se* a nuisance, may become such because of offensive and disagreeable odors and noise coming therefrom to the substantial detriment and discomfort of adjacent property owners, though such barns are not negligently cared for. Lead v. Inch, 116 Minn. 467, followed.

**Same — evidence.**

2. The evidence considered and *held* sufficient to justify a finding that the barns of the defendants constituted a nuisance and their continuance should be enjoined.

Action in the district court for Ramsey county to abate a nuisance. The case was tried before Kelly, J., who made findings, ordered judgment in favor of plaintiff for one dollar and granted a permanent injunction. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Thomas C. Daggett,* for appellants.

*James D. Shearer* and *L. B. Byard* filed a brief in behalf of the Minnesota State Association of Builders Exchanges.

*W. M. Babcock, Morphy, Bradford & Cummings, Paul G. Bremer, D. J. Keefe* and *Barrows, Stewart & Ordway* filed a brief in behalf of numerous corporations and others engaged in the business of teaming.

*Edgerton & Dohs,* for respondent.

DIBELL, C.

This was an action brought by the plaintiff, an adjoining property owner, to enjoin the defendants from maintaining their barns under such conditions as made them a nuisance. There were findings and

[1]Reported in 155 N. W. 390.

Note.—As to whether stable for horses is a nuisance, see notes in 17 L.R.A.(N.S.) 1025; and 49 L.R.A.(N.S.) 958.

judgment for the plaintiff. The defendants appeal from the judgment.

1. The statute in reference to nuisances is as follows:

"Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance. An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered." G. S. 1913, § 8085 (R. L. 1905, § 4446).

In Lead v. Inch, 116 Minn. 467, 134 N. W. 218, 39 L.R.A. (N.S.) 234, Ann. Cas. 1913B, 891, the court in commenting upon an action similar to this, though differing in its facts, said:

"A barn or stable wherein horses or cattle are kept is not a nuisance per se, although it may become a nuisance by reason of its location and the manner in which it is managed and conducted. Albany Christian Church v. Wilborn, 112 Ky. 507, 66 S. W. 285; Joyce, Nuisances, § 202. If the manner in which it is conducted results in noxious odors, disagreeable noises, to the discomfort and annoyance of adjoining property owners, it is a nuisance within the meaning of the law, regardless of the question whether defendant exercised due care to so manage the property as to avoid results of that nature. Joyce, Nuisances, § 202; Berger v. Minneapolis Gaslight Co. 60 Minn. 296, 62 N. W. 336. In other words, where the business casts off noxious and unwholesome odors, in fact annoying to and impairing the comfort of adjoining property owners, it is no defense to say that it was conducted in a reasonable and proper manner, and that the odors emanating therefrom were such as are ordinarily incident to the business when properly conducted."

The defendants and a number of amici curiae, speaking in behalf of draymen's associations and other business interests requiring the use of stables for horses in cities, have filed briefs. They ask a modification of the doctrine of the Inch case. Their briefs have been considered and we have found them helpful.

The particular objection made is that the Inch case holds that a business, not per se a nuisance, may be enjoined though not negligently conducted. This is the direct holding of the Inch case and it was not a holding new in this state. Berger v. Minneapolis Gaslight Co. 60

Minn. 296, 62 N. W. 336. Of course before an injunction issues the elements essential to constitute a nuisance must exist. Not every discomfort arising from the use of adjacent property justifies an injunction. Whether a nuisance exists is often determined by the application of the maxim "so use your own as not to injure another." The Inch case does not work an outlawry of stables in cities. It does not even define a nuisance farther than the statute gives a definition. We see no sufficient reason for a departure from the doctrine of it. Properly applied, undue harm will not often come. We do not care to adopt the doctrine that one conducting a business, not *per se* a nuisance, is liable only upon proof of negligence. The application of such a doctrine would sometimes be disastrous.

2. Nearly 400 pages of evidence were taken. The court upon consideration found that the defendants conducted their stables in such a way as to constitute a nuisance. We have examined the evidence and come to the conclusion that it sustains the findings of the trial court. Of necessity the responsibility of determining whether a nuisance is proved rests largely upon the trial court. We can review the evidence subject to well understood limitations. The barns are situate in a modest residence district. The defendants stable in them some 36 horses. In connection therewith they maintain a blacksmith shop. The evidence of the existence of the elements essential to constitute a nuisance is sufficient.

We are inclined to the opinion that the defendants, and those situated like them, exaggerate the danger in which they are by reason of suits brought by adjacent owners complaining of noisome odors and other disturbances. It does not follow that, because such actions are brought, injunctions will issue. The keepers of stables as well as the nearby public will find fair treatment in the district courts, and the plaintiffs must prove causes of actions before they get recoveries. Indeed it does not seem but that the defendants in this case will be able to conduct their stables in accordance with the injunction and suffer no more than the burden of more effective supervision and care.

Judgment affirmed.