## STATE v. JAMES E. TRASK, JR.[1]

January 14, 1927.

No. 25,766.

**Permit for keeping horses.**
    1.  In a prosecution for keeping horses in the city of St. Paul without a permit, *held* that there was no legal requirement to get such permit.

**Adoption of health regulation.**
    2.  A health regulation, penal in its nature, cannot rest in parol but must be officially adopted, reduced to writing and made a public record.

Health, 29 C. J. p. 251 n. 62.
Municipal Corporations, 28 Cyc. p. 744 n. 12.

Defendant appealed from an order of the municipal court of St. Paul, Olson, J., denying his motion for a new trial, and from the judgment. Reversed.

*James E. Trask,* for appellant.
*Arthur A. Stewart* and *Hilary J. Flynn,* for the state.

WILSON, C. J.

Defendant was convicted for keeping two horses on his premises in the city of St. Paul, without first obtaining a permit from the health department of the city. He appealed from an order denying his motion for a new trial and also from the judgment.

The ordinance involved provides that horses cannot be kept on the same lot or premises with a dwelling house "except under such conditions as may be prescribed by the Health. Officer." § 2689, Compiled Ordinances City St. Paul 1922.

The accusation is failure to procure a permit to keep horses. But what law requires such a permit? No ordinance so commands. Defendant applied to the commissioner of public buildings and received

[1]Reported in 211 N. W. 673.

a permit pursuant to the official building code, ordinance No. 5580, to construct the building in which he kept the horses. But this in no way relieved him from complying with the requirements of the health officer. The health officer may prescribe conditions under which horses may be kept which means that he may make regulations consistent with the purpose of his office. Doubtless the regulation is directed at the manner of keeping horses. Lead v. Inch, 116 Minn. 467, 134 N. W. 218, 39 L. R. A. (N. S.) 234, Ann. Cas. 1913B, 891. The right to regulate does not include the right to prohibit. Administrative and executive functions but not legislative power may be delegated. The council is the only lawmaking body of the city. State ex rel. Labovich v. Redington, 119 Minn. 402, 139 N. W. 430. The record fails to show any oral or written regulation commanding defendant to get a "permit" to keep his horses. The record shows that the health officer has orally adopted the uniform practice that, if there are no objections on the part of the immediate neighbors and the building is constructed with waterproof flooring and connected with the sewer, he approves the application. It is said that such conduct is a permit on the part of the department to keep such animals. This is claimed to have been the custom for several years. Defendant's building did not meet these requirements. Whether the health department could make such an inflexible rule we need not consider. It does not appear that the so-called rule or practice ever had any publicity or that defendant knew of the same. Nor do we appreciate how a citizen could be expected to know of the existence of the same.

The accusation in this case is based on a failure to comply with this traditional policy. Being penal in its nature and operation the requirement should not rest in parol. Such a regulation is not a public law which is conclusively presumed to be known. To permit a criminal conviction to stand thereon would lead to opportunity for oppression. Our attention has not been called to any authority that permits such procedure. It would seem that a statute or ordinance is the written will of the enacting body. 26 Am. & Eng. Enc. (2d ed.) 529. It is equally important that a penal regulation be officially

adopted, reduced to writing and made a public record so that the citizens may become informed thereof. The People v. Tait, 261 Ill. 197, 103 N. E. 750.

Our conclusion is that (1) there is no requirement for a "permit" as charged in the complaint, and (2) that such "conditions" as the health officer may prescribe, pursuant to the ordinance, must be specified in writing, and that his oral regulations of which the public are not advised cannot be the basis for a criminal prosecution.

Reversed.