CASE 106.—ACTION BY L. C. ROBERSON AGAINST N. G. MOR-
RIS.—April 20, 1910.

## Morris v. Roberson

Appeal from Fulton Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff and defendant appeals.—
Reversed.

1   Easements—Use by Vendor of Remaining Property—Obstruc-
    tion of View.—Where there is no stipulation in a deed forbid-
    ding the vendor to use the remainder of his property in any
    way he chooses, the vendee cannot complain that the vendor
    erected a blacksmith shop on his own lot which obstructed
    the vendee's view; the  common-law  doctrine of  ancient
    lights not obtaining in the United States.
2.  Evidence—Parol Evidence —Contradicting Deed—In the ab-
    sence of a stipulation in a deed restricting the vendor's use
    of remaining  property, prior  conversations with and  oral
    statements made by the vendor as to his subsequent use of
    such remaining property are incompetent as varying the
    terms of the writing; there being no claim of fraud or mis-
    take.
3.  Nuisance—Blacksmith Shop.—A blacksmith shop in the resi-
    dence portion of a city or town is not a nuisance per se;
    and hence a nuisance is not created by its operation in the
    ordinary and usual manner.
4   Nuisance—Liability—Landlord and Tenant.—Where the own-
    er of a shop rented it to a blacksmith, and the tenant in its
    operation creates a nuisance, the tenant, and not the land-
    lord, is liable therefor.

HERSCHEL T. SMITH and P. O. MORRIS for appellant.

R. L. SMITH for appellee.

Opinion of the Court by Chief Justice Barker—
Reversing.

The appellee (plaintiff below) instituted this action in the Fulton circuit court to recover damages from the defendant (appellant) for creating a nuisance near appellee's residence. The answer controverted all of the allegations of the petition, thus completing the issues. A trial of the case resulted in a verdict for $500 damages in favor of the appellee. From the judgment based on this verdict, this appeal has been prosecuted.

The facts are these: The appellant, N. G. Morris, owned a lot of land in Fulton, Ky. Of this he sold to the appellee, L. C. Roberson, a part, upon which to erect a dwelling house. Afterwards Morris on his own property, but nearer the street than Roberson's dwelling house, erected a blacksmith shop, which he leased to one L. C. Parsley, who carried on the business of blacksmithing in the building. It is not contended that there is anything in the deed which prohibits Morris from building on the remainder of his land in any way he chooses. The petition seems to rest plaintiff's cause of action upon the fact that the blacksmith shop was so erected with reference to the street as to cut off plaintiff's view; there being no allegation that the blacksmith shop as operated created a nuisance. The allegation of the petition is as follows: "That by erecting said building his shop has created a nuisance, and has damaged the plaintiff's property in the sum of $1,000." Inasmuch as there was no stipulation in the deed forbidding the vendor to use the remainder of his property in any way he chose, the vendee cannot complain that his vendor erected a shop upon his own lot which obstructed the vendee's view. In the case of Ray v. Sweeney, 14 Bush, 1, 29 Am. Rep. 388, this court held that the English common-law

doctrine of ancient lights does not prevail in this country, and in the opinion it is said: "But no case can be found, in this country at least, in which it has been held that by the sale of a vacant lot in a town or city the vendor parts by implication with the right to build upon his adjacent vacant lot so as to obstruct windows or doors placed by his vendee in a house erected on his lot."

All of the evidence introduced by appellee of conversations had with, or oral statements made by, appellant prior to the making of the deed, are incompetent under the well-settled rule that oral statements made prior to a written contract are not admissible to vary the writing signed by the contracting parties, in the absence of an allegation of fraud or mistake.

The remaining question, then, is whether or not the blacksmith shop as operated was a nuisance. This court held, in the case of Marrs, etc., v. Fiddler, etc. 69 S. W. 953, 24 Ky. Law Rep. 722, that a blacksmith shop was not per se a nuisance, although erected in the residence portion of a city or town. The same doctrine was recognized, if not expressly decided in the cases of Peacock, etc., v. Spitzelberger, etc., 29 S. W. 877, 16 Ky. Law Rep. 803, and Hyden v. Terry, 108 S. W. 241, 32 Ky. Law Rep. 1198. In Albany Christian Church v. Wilborn, etc., 112 Ky. 507, 66 S. W. 285, 23 Ky. Law Rep. 1820, we held that a stable or barn erected in the business portion of a city was not a nuisance in itself. If a blacksmith shop is not per se a nuisance, then it must follow that, if it is operated as blacksmith shops ordinarily are, a nuisance is not created by the operation, because, if the ordinary operation of a blacksmith shop creates a nuisance, of necessity it results that such shop in itself is a nuisance. There was no evidence

in this case tending to show that the blacksmith shop under discussion was not operated in the usual manner. It was not shown, for instance, that it was operated at night, or that unusual noises were made, or that there was any greater accumulation of filth than is the ordinary result of the operation of a blacksmith shop. This being true, the evidence failed to show that the operation of the shop was a nuisance.

But, if the evidence had shown that the shop was so operated as to create a nuisance, the appellant would not have been responsible. The record shows without contradiction that appellant built the shop and rented it for a term to one L. C. Parsley, a blacksmith by trade, who carried on his business there. If Parsley in the operation of the shop created a nuisance, the landlord would not be responsible for this, but an action would lie against the tenant in favor of any one injured by his wrongful conduct.

It results, therefore, that the plaintiff neither stated a cause of action against the defendant in his petition nor did he establish one by his evidence, and the motion of the defendant for a peremptory instruction at the close of the evidence should have prevailed.

For these reasons, the judgment is reversed for further proceedings consistent with this opinion.