## Wasioto & Black Mountain Railroad Company v. Loyd Hensley, et al.

## Wasioto & Black Mountain Railroad Company v. Mary Hensley, et al.

(Decided May 15, 1912.)

## Appeals from Harlan Circuit Court.

1. **Railroads—When Not Liable for Injury to Land.**—A railroad company having purchased the right of way from the owners of a tract of land, may make such cuts as are necessary for its railroad, and is not liable in damages if thereby the wells on the land are injured, unless by its negligence.

2. **Same—Witnesses—Evidence.**—In an action to recover damages for the diversion of a branch by a railroad company in building its railroad, the witnesses should not be allowed to state how much the land has been damaged, but should be asked as to the value of the land with and without the diversion of the branch.

WILLIAM LOW, BENJAMIN D. WARFIELD for appellant.

H. C. CLAY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Loyd Hensley and his mother, Mary Ann Hensley, owned a tract of 115 acres of land on the north side of Poor Fork in Harlan County, she having a life estate in one-third of the land. The Wasioto & Black Mountain Railroad Company purchased from them the right of way through the tract of land for its railroad and The Callahan Construction Company constructed the railroad as directed by the railroad company. In doing this they diverted the Mary Ann Hensley branch where it intersected the right of way and caused it to flow on the north side of the right of way into another branch lower down Poor Fork  Thereupon Loyd Hensley and his mother brought this action against the railroad company and the construction company to recover damages for the diversion of the branch; on the trial of the case, the jury returned a verdict in favor of Loyd Hensley for $200 and in favor of Loyd Hensley and his mother for $300. The court entered a judgment on the verdicts and the defendants appeal.

About ten acres of the 115-acre tract lay south of

the right of way and about one-half acre of the ten acres lay east of the Mary Ann Hensley branch and upon this Loyd Hensley has his dwelling, a small orchard and a well. On the west side of the branch and south of the railroad and about one hundred and fifty feet from Loyd Hensley's house, is the dwelling of Mary Ann Hensley, also a barn, outhouses and a well. The proof for the plaintiffs shows, in effect, that the diversion of the branch made it inconvenient for them to water their stock, as they now have to take their stock across the railroad to get to the water of the branch. Their proof also showed that Loyd Hensley's well went dry and that his mother's well had but little water in it shortly after the railroad was built and that the wells had been good up to that time. The proof for the defendants showed that Poor Fork was only a few feet from their residences and afforded an abundant supply of water, but the plaintiffs testified that it was not as good as the water of the branch. The defendants' proof also showed that in building the railroad it was necessary to make a cut twenty-three feet deep at the point where the track crossed the branch and the grade being lower than the bottom of the branch, it was necessary to divert it as was done.

The defendants asked the court to instruct the jury that they were not responsible for any injury to the wells. The court refused to give this instruction. The evidence shows that the cut lacked only four feet being as deep as Loyd Hensley's well and that his mother's well is fourteen feet below the bottom of the cut. All the circumstances shown by the proof point to the conclusion that the injury to the wells was caused by the cut and not by the diversion of the branch, still, what was the cause of the injury to the wells was a question for the jury and they should have been told that if the injury to the wells was caused by the cut and not by the diversion of the branch, then they should find nothing for the plaintiffs by reason of any injury to the wells. The railroad company acquired with the right of way, the right to build the railroad upon it and to make such cuts as were necessary in doing so. No damdamages can be recovered for any injury to the wells from the cut. There was no pleading or proof that the cut was made in a negligent or unusual manner. The sole cause presented by the pleadings is for the diversion of the branch, and the evidence is by no means sat-

isfactory as to the damages from the diversion of the branch, if the wells were not affected thereby.

As the measure of damages in a case of this sort is the depreciation in the value of the land by reason of the injury alleged, the witnesses should not be allowed to state how much they think the damages are, but should be required to state the difference in the value of the land and without the injury.

Judgment reversed and case remanded for a new trial.