## Louisville & Nashville Railroad Company v. Commonwealth.

(Decided May 8, 1914.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Railroads—Carrying on Business Without Unnecessary Noises—Nuisance.—The operation of a railroad train, and of switching yards in connection therewith, is a lawful occupation, and the carrying on of its business and the necessary ·incidents thereto, when done in a careful and reasonable way and without unnecessary· noises, cannot be a nuisance.

2. Railroads—Indictment Against Charging Maintenance of Nuisance—Insufficiency of Indictment.—In an indictment charging a railroad with the offense of maintaining and continuing a nuisance in the way of noises it makes in the movements of its trains and in the gases, odors, smells and so on its engines emit, there is no allegation that the things complained of were unnecessarily done, and the demurrer should have been sustained.

3. **Nuisance.**—The doing of a lawful thing in a careful and prudent manner cannot be a nuisance.

BENJAMIN D. WARFIELD, S. D. ROUSE, CHAS. H. MOORMAN for appellant.

JAMES GARNETT, Attorney General, R. G. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

The grand jury of Kenton county returned the following indictment against appellant:

"The grand jury of Kenton county, in the name and by the authority of the Commonwealth of Kentucky, accuse Louisville & Nashville Railroad Company, a corporation, of the offense of maintaining and continuing a common public nuisance committed as follows, to-wit: The said Louisville & Nashville Railroad Company, a corporation under the laws of the State of Kentucky, between the first day of July, 1912, and the 17th day of February, 1913, in the county and state aforesaid, and before the finding of this indictment, and within one year before the finding of this indictment, the said company being then and there a corporation under the laws of the State of Kentucky, and as such then and there regaged in the operation of a railroad in the City of Covington by hauling and running cars coupled to and drawn by engines with steam power and in connection therewith did own, operate, manage and control what is known as the railroad yards in the said city, located, being and extending from Twentieth Street, just west of Madison Avenue, through the southern part of said city, a distance of from one-half to three-quarters of a mile; that in said yards, located in said city, the said company has and maintained many railroad tracks on which freight trains, cars and engines are daily and nightly run into and upon; that in shifting said cars, running and operating its engines in the yards aforesaid, the said company did unlawfully, unreasonably and intentionally cause, suffer and permit, during said time aforesaid and for a long, unnecessary and unreasonable length of time, steam to escape from its engines in said yards, thereby causing sharp, loud and disagreeable noises, steam whistles to sound, making long, loud and piercing blasts, bells on said engines to ring, and large volumes of smoke to come out of and issue from said engines, impregnat-

ing the air and atmosphere in the neighborhood thereof, from which noxious, disagreeable, unhealthy and unwholesome gases, smoke, vapors, foul odors and sickening smells arise and pass into the houses, homes, and residences of many persons being, residing, passing and repassing in the neighborhood thereof and then and there having the right to be, reside, remain, pass and repass, to the detriment, annoyance and nuisance of all the good citizens of this Commonwealth then and there being, residing, passing and repassing, and having the right so to do.''

The defendant's demurrer to the indictment was overruled, and it was found guilty and a fine of $350 assessed against it.

The operation of a railroad train, and of switch-yards, in connection therewith, is a lawful occupation, and the carrying on of its business, and the necessary incidents thereto, when done in a careful and reasonable way and without unnecessary noises, cannot be a nuisance.

It is a matter of common knowledge that the emission of smoke from engines, and the ringing of bells, the blowing of whistles, and the grinding of wheels are necessary incidents to the operation of railroad trains. A railroad can not be operated without burning coal, and the coal can not be burned without making smoke; the ringing of bells and the blowing of whistles are not only necessary incidents to the operation of railroad trains, but the giving of signals in that way is actually required by law in many instances; and it is perfectly apparent that the grinding of wheels cannot be avoided in the operation of trains.

It will be observed that there is no allegation in the indictment that the things complained of were unnecessarily done, or that it was not necessary for the railroad company in the operation of its trains to blow the whistles, to ring the bells, or to cause the emission of large volumes of smoke.

The necessities of commerce demand the operation of railroads, and railroads cannot be operated without these necessary incidents, and there can be no nuisance in the operation of a railroad or of its switch-yards, unless the noises created thereby are unnecessary in its operation.

The doing of a lawful thing in a careful and prudent manner cannot be a nuisance; but the doing of a lawful

thing in a reckless, careless, or negligent way may be a nuisance. In this case if the ringing of bells, the blowing of whistles, and the emission of smoke was not done to any greater extent than was necessary in the prudent operation of appellant's trains there was no nuisance, and there being no allegation in the indictment that they were done to any greater extent than was necessary, the demurrer should have been sustained. Cyc. Vol. 33, page 644, in discussing nuisances in connection with the operation of railroads says:

"The operation of a railroad constructed by lawful authority cannot, by reason of the noise, smoke, vibrations, or other objectionable features necessarily incident thereto, be deemed a nuisance in the absence of any negligence or abuse in the manner of its operation, although it may be located along a public street, or pass through a populous village or city, and the same rule applies under similar circumstances to the construction, maintenance, and use of terminal yards and structures and appliances necessarily incident to the operation of the road. But a railroad company may be guilty of maintaining a nuisance by reason of the negligent or improper manner of operating or using its cars and locomotives, or of erecting, using and maintaining structures and appurtenances incidental to the operation of the road such as engine houses, cattle-pens, coal-bins, and the like, or making an unauthorized or improper use of streets. The legislature may in the interest of the public welfare require that to be done such as the sounding of bells or whistles which in the absence of statute might be deemed a nuisance, and ordinarily acts authorized by law such as the operation of trains over the road cannot constitute a nuisance unless done in an unauthorized or negligent manner; but if the acts would be a nuisance on common-law grounds this rule can only apply where the statutory authorization is expressed or clearly implied from the power expressly granted."

For the reason indicated the judgment is reversed with directions to sustain the demurrer.