## THOMPSON v. ELZY.
### [No. 12,072. Filed June 2, 1925.]

1. NUISANCE.—*Horse stable in city not a nuisance per se, but may become such.*—A horse stable in a city is not a nuisance *per se*, but it may become a nuisance by reason of its location, the manner of its construction, or the way in which it is kept or used. p. 217.

2. NUISANCE.—*Horse stable in industrial district of city not nuisance by reason of location alone.*—A horse stable in a part of a city set apart by ordinance as an industrial district is not a nuisance because of its location. p. 217.

3. NUISANCE.—*Horse stable in industrial district of city held not to constitute nuisance.*—A horse stable, located in the industrial district of a city, which is kept and used in the ordinary and usual manner and producing the usual odors, noises and annoyances of a well kept stable for horses, would not constitute a nuisance for which damages could be recovered. p. 217.

From Marion Superior Court (A 20,673); *Theophilus J. Moll,* Judge.

Action by Frances Elzy against Ben H. Thompson. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*C. E. Fenstermacher* and *E. S. Huggins,* for appellant.

*W. E. Henderson,* for appellee.

REMY, C. J.—Appellee is the owner of a small lot located in the city of Indianapolis, on which is a frame dwelling that for many years has been occupied by appellee as her residence.   North of appellee's lot, and separated therefrom by an alley fifteen feet wide, is a similar lot which is, and for a number of years has been, the property of appellant.   Adjoining appellant's lot on the north, and but fifty-five feet north of appellee's premises, is a railroad right of way on which are located many railroad tracks over which numerous freight trains are, and for more than ten years have been, operated daily, at all hours of the daytime and nighttime of each day.   Both lots are located in a section of the city which, by a city ordinance, is designated and set apart as an "industrial district."   In November, 1920, appellant erected a horse stable on the lot owned by him.   The stable was frame, placed upon a cement foundation, with cement floors, with windows and doors screened to keep out flies, was rat proof, and was in continuous use as a place to keep horses, from the time it was erected until it was accidentally destroyed by fire, July 28, 1922.   Fire from the burning stable so damaged appellee's dwelling that it could not be occupied as a residence until it had been repaired some weeks later.   After the fire, appellee, claiming that the stable had been so used that it was, at all times prior to its destruction by fire, a nuisance, commenced this action against appellant for damages.

On the trial, the evidence without conflict established the above facts.

Trial resulted in a judgment for appellee for $250.

Action of the court in overruling motion for new trial is assigned as error.   Reasons for new trial which it is necessary to consider are that the decision is not sustained by sufficient evidence, and is contrary to law.

A horse stable within a city is not a nuisance *per se,*

but it may become a nuisance by reason of the location,
the manner of its construction, or the way in
1, 2. which it is kept or used. *Keiser* v. *Lovett*
(1882), 85 Ind. 240, 44 Am. Rep. 10; *Phillips*
v. *City of Denver* (1893), 19 Colo. 179, 34 Pac. 902,
41 Am. St. 230. The stable of which complaint is made
by appellee was located in that part of the city which,
by an ordinance, was set apart as an industrial dis-
trict. We have not here the case of a stable thrust into
a strictly residence section of a municipality. It was
not a nuisance because of its location.

It is not averred in the complaint, nor was evi-
dence submitted at the trial tending to show, that the
stable was a nuisance because of the manner of its con-
struction, or that the fire was due to any negligence of
appellant in the construction, use or management of the
stable; nor is it averred in the complaint, or shown
by the evidence, that appellant was actuated by malice
toward appellee, either in the erection or use of the
stable.

The important question presented by this appeal is
whether, under the issues, there is sufficient evidence
to show that the stable became a nuisance be-
3. cause of the manner in which it was kept and
used. There was evidence that some odor came
from the stable, although it was regularly and prop-
erly cleaned. It also appears from the evidence that
noise caused by the stamping of the horses' feet upon
the cement floors was often heard by appellee and others
while occupying the dwelling upon appellee's lot. There
was, however, no evidence that the odors and noises
which came from the stable were other than such as
would come from any properly kept and well managed
stable for horses.

The Supreme Court of Kentucky in *Morris* v. *Rober-
son* (1910), 137 Ky. 841, 127 S. W. 481, 136 Am. St.

323, had under consideration a question in all respects the same as is involved in the case at bar, except that, in that case, the alleged nuisance was a blacksmith shop instead of a stable. In discussing the question, the court said: "If a blacksmith shop is not *per se* a nuisance, then it must follow that, if it is operated as blacksmith shops ordinarily are, a nuisance is not created by the operation, because, if the ordinary operation of a blacksmith shop creates a nuisance, of necessity it results that such shop in itself is a nuisance. There was no evidence in this case tending to show that the blacksmith shop under discussion was not operated in the usual manner. It was not shown, for instance, that it was operated at night, or that unusual noises were made, or that there was any greater accumulation of filth than is the ordinary result of the operation of a blacksmithshop. This being true, the evidence failed to show that the operation of the shop was a nuisance." To the same effect, see, *Louisville, etc., R. Co.* v. *Commonwealth* (1914), 158 Ky. 773, 166 S. W. 237; *Lake Shore, etc., R. Co.* v. *Chicago, etc., R. Co.* (1910), 48 Ind. App. 584, 92 N. E. 989. So, in the case at bar, the stable was kept and used in the ordinary and usual manner and produced the usual odors, noises and annoyances that come from a well kept stable for horses; but located as it was, and not being a nuisance *per se*, there being no malice or negligence, the fact that the stable produced the odors and noises did not make it a nuisance for which substantial damages could be recovered. If damages were suffered, it is *damnum absque injuria.* *Lake Shore, etc., R. Co.* v. *Chicago, etc., R. Co., supra.* See, also, *Meeks* v. *Wood* (1918), 66 Ind. App. 594, 118 N. E. 591.

The decision is not sustained by sufficient evidence.

Reversed.