## Sycamore Coal Co. v. Stanley et al.

Nov. 24, 1942.

W. R. McCoy and Harman, Francis & Hobson for appellant.

Jasper H. Preece for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Lemuel S. Stanley and Cordelia Stanley brought an action against the Sycamore Coal Company to recover damages for the alleged destruction of a well or spring on their land. The case was submitted to a jury which returned a verdict for the plaintiffs in the sum of $475. The defendant has filed a motion for an appeal.

The Stanley farm adjoins appellant's land. Appellant drilled a core hole 4 inches in diameter on its land about 60 feet from a well on appellees' land which had been drilled to a depth of 28 feet. The core drilling by appellant was for the purpose of determining the thickness and quality of coal seams underlying its land. When the drill reached a depth of 60 feet the water in appellees' well disappeared. Appellant later filled the hole with cement, and the water rose in appellees' well to a depth of about 14 inches. Theretofore it had stood at 4½ feet.

We have concluded that the court erred in overruling appellant's motion for a directed verdict in its favor, and, consequently, other grounds urged by it for reversal of the judgment need not be considered.

The plaintiffs alleged in their petition that the drilling of the core hole destroyed the stream of water leading to their well, but there was no evidence of a subterranean stream flowing in a known and defined channel. The owner of land when putting it to a legitimate use is not liable to the owner of adjoining lands for injuries to wells or springs fed by hidden underground streams flowing in unknown channels. North-East Coal Company v. Hayes, 244 Ky. 639, 51 S. W. (2d) 960; Nourse v. Andrews, 200 Ky. 467, 255 S. W. 84; Wasioto & B. M. R. Company v. Hensley, 148 Ky. 366, 146 S. W. 751. As said in Nourse v. Andrews [200 Ky. 467, 255 S. W. 86]:

"The only classification of subterranean waters made by the common law is based on the method of transmission through the ground, and is that they belong to one of only two classes, namely: (1) Under-

ground currents of water flowing in known and defined channels or water courses; (2) water passing through the ground, beneath the surface in channels which are undefined and unknown. The rights to the waters of the first class are governed by the rule of law governing surface streams, while the waters of the second class are treated as mere percolations, and, therefore, as belonging to the owner of the soil wherein they are found."

The right of the owner of land to drill wells and take percolating water is analogous to the right of the proprietor to take gas or oil. United Carbon Company v. Campbellsville Gas Company, 230 Ky. 275, 18 S. W. (2d) 1110. According to the English or common-law doctrine as to percolating waters, a landowner has the absolute right to collect and use as he pleases subterranean percolations on his own land regardless of the effect that such use may have on an adjoining proprietor, but in most jurisdictions in this country the rule sometimes referred to as the American or reasonable use rule, which we think is the sounder rule, has been adopted. According to this rule, the right of a landowner to subterranean percolating waters is limited to a reasonable and beneficial use of the waters under his land, and he has no right to waste them, whether through malice or indifference, if, by such waste, he injures a neighboring landowner. 27 R. C. L., pages 1171-1178; Annotations in 109 A. L. R. 395; Kinnaird v. Standard Oil Company, 89 Ky. 468, 12 S. W. 937, 7 L. R. A. 451, 25 Am. St. Rep. 545. Here, the appellant was using its land in a legitimate manner, and it drilled the hole for a necessary and useful purpose. There is nothing in the proof tending to show that the injury to the appellees' well should have been anticipated by appellant, and there is no question of malice or waste. At the conclusion of the evidence the court should have sustained appellant's motion for a directed verdict in its favor.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.