## UNITED FUEL GAS CO. v. SAWYERS.

Court of Appeals of Kentucky.
June 19, 1953.

J. Woodford Howard and Fred Francis, Prestonsburg, for appellant.

L. C. Farley, Pikeville, for appellee.

STANLEY, Commissioner.

The judgment is for $400 damages for the contamination of a water well charged to have been caused by a nearby gas well. We sustain the motion for an appeal.

In building a home at a considerable cost near Pikeville in 1941, the appellee, Edgar Sawyers, drilled a well 69 feet deep, only one foot of which was in rock, and obtained a supply of good water. The depth was reached in three days of drilling. The well was stopped at that point because other wells in the neighborhood drilled deeper into the rock had been getting sulphur water. It was cased with metal, hermetically sealed at the joints, down to the rock. There was pure water in the well for some ten years until the appellant's gas well on adjoining property was in process of being drilled 450 feet away on substantially the same plane. After the drilling operations had continued for three days, the water in Sawyers' well began to be salty and sulphurous. He promptly advised the defendant's agents of this fact. The water became nauseating and unfit for domestic purposes, and permanently discolored appellee's plumbing fixtures. Sawyers testified he did not know how the mineral substances got into his well.

The right of recovery is claimed because in some unexplained way the plaintiff's water supply was contaminated by the drilling and maintenance of the gas well.

The drilling and casing of the gas well was done in an approved manner and by proper methods. The evidence is to the effect that it was not possible for any deleterious substance to have escaped. It is also shown that other nearby water wells were contaminated like the plaintiff's before drilling was begun.

The basis of liability for injury to property by pollution of subterraneous waters from oil, gas, salt water or like substances from wells must be either negligence or nuisance. There was no negligence in the present case. The question is one of nuisance in the broad sense that the law operates as a restriction upon the right of an owner of property to make use of it as he pleases. Kentucky Block Fuel Co. v. Roberts, 207 Ky. 137, 268 S.W. 802. Outside the scope of the decision is the question of pollution of surface waters or of an identifiable underground stream. See Nourse v. Andrews, 200 Ky. 467, 255 S.W. 84; Annotations, 55 A.L.R. 1385; 109 A.L.R. 485. The decision is confined to pollution of percolating waters. "Percolating waters are those which ooze, seep, or filter, through the soil beneath the surface, without a defined channel, or in a course that is unknown and not discoverable from surface indications without excavation for that purpose. The fact that they may, in their underground course, at places come together so as to form veins or rivulets, does not destroy their character as percolating waters." Clinchfield Coal Corp. v. Compton, 148 Va. 437, 139 S.E. 308, 311, 55 A.L.R. 1376. Percolating waters are part of the earth itself with the same right of use and appropriation by the owner of the land. Nourse v. Andrews, 200 Ky. 467, 255 S.W. 84; Feldhaus v. Jefferson Co., 264 Ky. 829, 95 S.W.2d 790; Sycamore Coal Co. v. Stanley, 292 Ky. 168, 166 S.W.2d 293.

It is doubtful if the evidence was sufficient to establish causal relation between the drilling of the gas well and the contamination of the water well. We have only that which may be inferred from the coincidence of the water becoming bad just when the nearby gas well reached the same depth or perhaps a few feet deeper, and the circumstance that water in wells a few feet deeper than plaintiff's well was sulphurous or salty. Cf. Haveman v. Beulow, 36 Wash. 2d 185, 217 P.2d 313, 19 A.L.R.2d 763. Accepting as sufficient the causal connection, there may have been liability under an unqualified adherence to the common law as

468

laid down in Rylands v. Fletcher, L.R., 3 H.L. 300 (see 1 Am.Jur., Adjoining Landowners, Sec. 12) that one must in all events so use his property as not to injure the legal rights of his neighbor. But present American law departs from the English common law. It exonerates the owner from legal liability if there was a "reasonable use" of his property. The owner of property may use percolating waters beneath his surface for all purposes properly connected with the use, enjoyment and development of the land itself, but he is forbidden from using it for purposes not connected with the beneficial enjoyment of the ownership. "The 'American rule' takes cognizance of the maxim, Sic utere tuo ut alienum non laedas, and treats it as a reasonable limitation upon the maxim, 'Cujus est solum.' It gives to the owner of the soil every reasonable use of the water, but forbids him to use otherwise his rights to the prejudice of his neighbor." Clinchfield Coal Corp. v. Compton, 148 Va. 437, 139 S.E. 308, 55 A.L.R. 1376. See Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385; Annotations, 55 A.L.R. 1399, 109 A.L.R. 406, 415.

In this state, in accordance with modern trends, even in England, we have rejected the severe doctrine of Rylands v. Fletcher at least insofar as it makes one in the use of his own property practically an insurer against injury to his neighbor's property. Kentucky law is in accord with the "American Rule," that in the absence of negligence there is no liability if there was a legitimate and reasonable use. "The doing of a lawful thing in a careful and prudent manner cannot be a nuisance". Louisville & N. R. Co. v. Com., 158 Ky. 773, 166 S.W. 237, 238. We have held that the owner of land when putting it to a legitimate and not unreasonable use is not liable to the owner of adjoining land for injuries to wells, or springs fed by hidden underground streams flowing in unknown channels or percolating waters. North-

East Coal Co. v. Hayes, 244 Ky. 639, 51 S. W.2d 960; Sycamore Coal Co. v. Stanley, 292 Ky. 168, 166 S.W.2d 293. To the same effect are Triple-State Nat. Gas & Oil Co. v. Wellman, 114 Ky. 79, 70 S.W. 49; Long v. Louisville & N. R. Co., 128 Ky. 26, 107 S.W. 203, 205, 32 Ky.Law Rep. 774, 13 L. R.A.,N.S., 1063, 16 Ann.Cas. 673; Rogers v. Bond Bros., 279 Ky. 239, 130 S.W.2d 22.

Therefore, a gas and oil producer is entitled to make any use of his property that is reasonable and lawful, but he may not make such operations a nuisance. 24 Am.Jur., Gas and Oil, Sec. 119. "Mining operations, being a reasonable use of land, do not, in general, make one carrying on such operations liable because percolating waters are intercepted or drawn away so as to destroy or injure springs or wells belonging to the owner of the surface or adjoining lands." 36 Am.Jur., Mines and Minerals, Sec. 193. So, it may be said, as in Sycamore Coal Co. v. Stanley, 292 Ky. 168, 166 S.W.2d 293, 294: "Here, the appellant was using its land in a legitimate manner, and it drilled the hole for a necessary and useful purpose. There is nothing in the proof tending to show that the injury to the appellees' wells should have been anticipated by appellant, and there is no question of malice or waste."

Considering, in arguendo, the circumstantial evidence of causal connection as sufficient, we have only evidence of a reasonable and legitimate use by the defendant in the course of the development of its property which incidentally caused the plaintiff's water well to be contaminated with natural substances. If the correlative rights of the plaintiff in the percolating waters—pertinently, to have them kept pure for his use—was violated, it is damnum absque injuria.

The court should, therefore, have directed a verdict for the defendant.

Judgment reversed.

COMBS, J., not sitting.