COMMONWEALTH of Kentucky, DE-
PARTMENT of HIGHWAYS,
Appellant,

v.

Clifton SEBASTIAN, Adm'r of the Estate
of Laura Sebastian, et al., Appellees.

Court of Appeals of Kentucky.

Jan. 20, 1961.

Rehearing Denied April 28, 1961.

Hafford E. Hay, Asst. Atty. Gen., for appellant.

Cabell Francis, Stanford, for appellees.

CULLEN, Commissioner.

Members of the Sebastian family, owners of a farm in Lincoln County, recovered a $3,000 judgment against the Commonwealth of Kentucky, Department of Highways, for damages from the drying up of two springs on their farm alleged to have resulted from a diversion of the flow of water to the springs by the construction of a highway adjoining the farm. The Commonwealth has appealed.

No negligence was shown. The theory of the Sebastians was that the springs were fed by an *underground stream* that crossed the highway right of way, and that they had a property right to the continued flow of the stream. The theory of the Commonwealth was that the springs were fed by *percolating waters* which the Commonwealth as owner of the highway right of way could use or divert in connection with a legitimate use without liability to the owner of lower property.

The law of Kentucky with respect to subterranean waters is that in the case of underground waters flowing in unknown and undefined channels the owner of land when putting his land to a legiti-

mate use is not liable to the owner of adjoining lands for injuries to wells or springs fed by the stream, but in the case of currents flowing in known and defined channels or courses the rights of the parties are the same as with respect to surface streams. Nourse v. Andrews, 200 Ky. 467, 255 S.W. 84; Sycamore Coal Co. v. Stanley, 292 Ky. 168, 166 S.W.2d 293. The general rule in other jurisdictions is the same. Annotations, 55 A.L.R. 1385, 109 A.L.R. 395.

The evidence for the Sebastians was that the course of an underground stream running from a hill on their neighbor's land across the highway right of way and to the springs was identifiable and marked by a line of green grass which grew on the surface even in dry weather. In Hale v. McLea, 53 Cal. 578, it was held that the presence of a line of bushes usually found nowhere except over watercourses could be sufficient to establish the existence of an underground stream flowing in a known and defined channel. And in Maricopa County Municipal Water Conservation District v. Southwest Cotton Co., 39 Ariz. 65, 4 P.2d 369, it was said that surface indications such as trees, shrubs, bushes and grasses growing along a defined course are the simplest and surest proofs of the existence of an underground stream as distinguished from percolating water.

While there is an initial presumption that subterranean waters are percolating, once a subterranean *stream* is shown to exist there arises a presumption that it has a fixed and definite course and channel. Nourse v. Andrews, 200 Ky. 467, 255 S.W. 84.

It is our opinion that the evidence offered by the Sebastians was sufficient to create a jury issue as to the existence of an underground stream flowing in a known and defined channel, and that the question was properly submitted to the jury.

The judgment is affirmed.