COMMONWEALTH of Kentucky ex rel. DEPARTMENT OF FISH AND WILDLIFE RESOURCES et al., Appellants,

v.

J. E. MAYER et al., Appellees.

Court of Appeals of Kentucky.

June 1, 1962.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for Com. ex rel. Dept. of Fish & Wildlife Resources.

Walter B. Smith, Louisville, for appellant Elmer Merchant.

Kinsolving & Kinsolving, H. B. Kinsolving, III, Shelbyville, for appellees.

WILLIAMS, Judge.

Title to 325 acres of land in Shelby County was conveyed to the Commonwealth of Kentucky, Department of Fish and Wildlife Resources, through the efforts of the Shelby County Industrial and Development Foundation, Inc. The Department constructed a dam which formed a lake covering the 325 acres at permanent pool level. The Department owns and exercises control over the lake, plus a 50-foot "public access strip" surrounding the lake, but the Foundation has been granted the right to operate commercial boat docks and to take such water from the lake as is necessary to supply the water needs of the city of Shelbyville.

The appellees, J. E. Mayer and Etta B. Mayer, conveyed two and one-half acres of their farm to the Commonwealth free of any consideration. The appellant, Elmer Merchant, conveyed about eight acres of his property for the lake project for the consideration of $3000. Merchant was granted permission by the Commonwealth to build a causeway across a neck of the lake wholly on state property but connecting a 21-acre tract which he owned on one side to a 45-acre tract owned by his mother on the other side of the lake. It was provided that Merchant should pay for building and maintaining the causeway, that it must be kept open to the public at all times, that it must be built according to the specifications set up by the Department and in accordance with county road standards. The plans called for the causeway to be 125 feet long, 24 feet wide at the top and sloping at a two to one ratio to a base 100 feet wide at the bottom of the lake. A 16-foot wide passage through the causeway was provided for to be spanned by a bridge eight feet above the normal water level.

After work upon the causeway was commenced 170 feet away from the property line of appellees, suit was filed against the Commonwealth and Merchant seeking a mandatory injunction directing removal of the causeway. The Shelby Circuit Court

found that the causeway created a public nuisance, and entered judgment ordering the removal of that work which had already been accomplished and permanently enjoined the appellant from commencing any such project in the future. This appeal is prosecuted from that judgment.

We have a situation here where the owners of property have conveyed title to a portion thereof without consideration, but obviously with the expectation of enhancement in value of the remaining property. There is reserved in the deed the right to make reasonable use of the water from the lake for land irrigation, livestock and normal farm use; for household use on the farm and in any private campsites which may be established thereon; and the right to place and maintain on the lake a boat dock and boat. The Commonwealth has not deprived the appellees of any of the above reserved rights by the construction of the causeway.

■ It is a general principle of law that every person may make such use as he will of his own property, provided he uses it in such a manner as not to injure others. This principle is applicable to abutting landowners and governs in determining their rights, duties and liabilities in respect to each other. The law does not forbid any and all uses of property which may cause loss, damage or inconvenience. While the rightful use of one's own land may not infrequently have some effect to diminish the value of an abutting estate, or to prevent its being used with the comfort which might otherwise have been anticipated, this is *damnum absque injuria,* as to which the law cannot interfere. 1 Am.Jur., Adjoining Landowners, section 3. In United Fuel Gas Co. v. Sawyers, Ky., 259 S.W.2d 466, 38 A.L.R.2d 1261, this Court declared that it would not follow the policy that makes one in the use of his own property practically an insurer against injury to his neighbor's property. Kentucky law is in accord with the "American Rule," that in the absence of negligence there is no liability if there was a legitimate and reasonable use.

■ The plans and specifications for the causeway do not call for careless or negligent construction. The causeway will not impede access by appellees to the rest of the lake because there will be a 16-foot by 8-foot passageway which is to be maintained through the causeway. That the value of the appellees' land may be diminished to some extent by the erection of the causeway is no justification for prohibiting the construction thereof; nor is the fact that sedimentation may occur to a greater extent above the causeway a reason for enjoining appellants from construction. The Commonwealth owns both the lake and the access area on each side where this causeway is being constructed. As a matter of fact the Commonwealth owns the entire lake and the dam as well. If for some reason the Commonwealth were to remove the dam and destroy the lake completely, the appellees would have no occasion to complain. It is because of the existence of the lake, which is the property of the Commonwealth, that the remaining portion of appellees' land is enhanced in value at all. The Commonwealth has done no act which injures appellees to the extent that might be considered a taking of their property. In Jenkins v. Louisville Home Telephone Company, (Ky.) 120 S.W. 276, 22 L.R.A., N.S., 1167, a telephone company erected a pole in premises adjoining a residence so close to a window that a burglar climbed the pole and entered the residence. The Court held that erection of the pole or the manner in which it was done was not negligence per se. It was said:

"* * * the mutual rights, duties, and liabilities of adjoining landowners are dependent on the principle which requires one to enjoy his property in such a manner as not to injure that of another, but the application of this principle is to be limited so as not to restrain an owner of property from reasonable and prudent use and enjoyment of it."

The Commonwealth had a right to construct or to have constructed a causeway

across its property. There is no direct injury occasioned the appellees in the construction of the causeway. The appellees will, after the causeway is completed, have the same right to the use of the lake as they enjoyed before it was commenced. Even though the land owned by appellees may not be as valuable after construction is completed as it was before, that is not sufficient cause for issuing an injunction against such construction.

The judgment is reversed, with directions that a judgment be entered for appellants.

MONTGOMERY, J., not sitting.